UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| BLUE RHINO GLOBAL SOURCING, INC. | )<br>) |
| Plaintiff, | ) Case No.: 1:15-cv-1003<br>) |
| v. | )<br>) |
| DYNAMIC SOLUTIONS WORLDWIDE, LLC | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff BLUE RHINO GLOBAL SOURCING, INC. ("BRGS" or "Plaintiff") hereby brings this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, North Carolina General Statutes §§ 75-1.1 *et seq*., and North Carolina common law, seeking declaratory relief and damages against Defendant DYNAMIC SOLUTIONS WORLDWIDE, LLC ("Dynamic Solutions" or "Defendant") and alleges as follows:

1. Plaintiff seeks a declaratory judgment against Defendant and certain patents Defendant has accused Plaintiff of infringing. In particular, Plaintiff seeks a declaratory judgment that U.S. Design Patent No. D699,809 ("the '809 Design Patent") and U.S. Patent No. 9,049,855 ("the '855 Patent") are invalid, that the '809 Design Patent and the '855 Patent are unenforceable, and that BRGS has not infringed any valid and enforceable claim of the '809 Design Patent or the '855 Patent. Plaintiff also seeks damages, including treble damages and attorneys' fees, against Defendant for unfair and

deceptive trade practices under North Carolina General Statutes §§ 75-1.1 *et seq.* and North Carolina common law.

2. BRGS is a corporation formed under the laws of the State of Delaware, having a place of business at 5650 University Parkway, Suite 400, Winston-Salem, North Carolina 27105.

3. On information and belief, Dynamic Solutions is a limited liability company organized and existing under the laws of Illinois with its headquarters and principal place of business at 12247 West Fairview Avenue, Milwaukee, Wisconsin 53226.

4. This Court has jurisdiction over the subject matter of this action pursuant to the following statutes:

   (a) 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

   (b) 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce;

   (c) 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged patent rights; and

   (d) 28 U.S.C. § 1367, this being a civil action over which the Court has original and supplemental jurisdiction.

5. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57, Fed.R.Civ.P., because an actual and

justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant.

6. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

7. On information and belief, Defendant has regularly and intentionally conducted business in this State and District, and is subject to personal jurisdiction in this State and District by virtue of its contacts here.

8. On information and belief, Defendant has conducted business in this State and District by, *inter alia*, offering for sale products and/or services, selling products and/or services, providing a website, sending solicitations, and otherwise engaging in business activities within this State and District.

9. On information and belief, Defendant's products are offered for sale to customers residing in this State and District and have been sold to customers in this State and District.

10. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391. Plaintiff is located in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this State and District, and Defendant is subject to personal jurisdiction in this State.

11. Defendant, through its counsel, has alleged that Plaintiff has violated federal patent laws and Defendant has attempted to enforce its alleged patent rights against Plaintiff. Specifically, Defendant has accused Plaintiff of patent infringement

3

through the sale and offer for sale of certain SKEETERVAC-branded insect trap products.

12. In a letter dated November 9, 2015, Defendant, through its counsel, accused Plaintiff of infringing the '809 Design Patent and the '855 Patent.

13. As indicated on the face of the '855 Patent, the application underlying the '855 Patent was filed as U.S. Patent Application No. 13/680,527 on November 19, 2012. A true and correct copy of the '855 Patent is attached hereto as Exhibit A.

14. As indicated on the face of the '809 Design Patent, the application underlying the '809 Design Patent was filed as U.S. Patent Application No. 29/439,739 on December 14, 2012. A true and correct copy of the '809 Design Patent is attached hereto as Exhibit B.

15. On information and belief, Defendant sold or offered for sale insect traps embodying the claims of the '855 Patent and the '809 Design Patent more than one year prior to the filing dates for the applications underlying the '855 Patent and the '809 Design Patent.

16. On information and belief, Defendant published documents on its website and elsewhere disclosing and describing the insect traps claimed in the '855 Patent more than one year prior to the filing date for the application underlying the '855 Patent. True and correct copies of example documents published, on information and belief, by Defendant no later than November 10, 2011 are attached hereto as Exhibit C and Exhibit D.

17. On information and belief, the insect traps described and disclosed in the documents presented as Exhibit C and Exhibit D incorporate a component embodying the design claimed in the '809 Design Patent.

18. On information and belief, the United States Patent and Trademark Office ("USPTO") was not informed of any sales or offers for sale by Defendant of insect traps embodying the claims of the '855 Patent and the '809 Design Patent during the prosecution of the applications underlying the '855 Patent and the '809 Design Patent.

19. On information and belief, neither the publications attached as Exhibit C and Exhibit D, nor any other document published by Defendant depicting the features of Defendant's insect traps were submitted to the USPTO during the prosecution of the applications underlying the '855 Patent and the '809 Design Patent.

20. Sales or offers for sale by Defendant of insect traps embodying the claims of the '855 Patent and the '809 Design Patent more than one year prior to the filing dates for the applications underlying the '855 Patent and the '809 Design Patent, and information related to such sales or offers for sale, are material to the patentability of the '855 Patent and the '809 Design Patent because, on information and belief, the USPTO would not have issued any claims of the '855 Patent or the '809 Design Patent if it had been in provided with information related to such sales or offers for sale.

21. The documents published by Defendant disclosing and describing the insect traps claimed in the '855 Patent more than one year prior to the filing date for the application underlying the '855 Patent are material to the patentability of the '855 Patent and the '809 Design Patent because, on information and belief, the USPTO would not

have issued any claims of the '855 Patent or the '809 Design Patent if it had been provided with such documents.

22. As presented on the face of the '855 Patent and the '809 Patent, Defendant Dynamic Solutions was the named applicant associated with the applications underlying the '855 Patent and the '809 Patent, and was obligated to disclose to the USPTO information in Defendant's possession that was material to the patentability of the '855 Patent and the '809 Design Patent.

23. Information about prior insect traps sold or offered for sale by Defendant and publications related thereto, such as the document presented as Exhibits C and D, is material to the patentability of the '855 Patent and the '809 Design Patent and should have been disclosed to the USPTO.

24. On information and belief, Defendant knew or should have known that it made sales or offers for sale of insect traps embodying the claims of the '855 Patent and the '809 Design Patent more than one year prior to the filing dates for the applications underlying the '855 Patent and the '809 Design Patent.

25. On information and belief, Defendant knew or should have known that it had published documents disclosing and describing the insect traps claimed in the '855 Patent more than one year prior to the filing date for the applications underlying the '855 Patent and the '809 Design Patent.

26. On information and belief, information regarding sales and offers for sale of insect traps embodying the claims of the '855 Patent and the '809 Design Patent more than one year prior to the filing dates for the applications underlying the '855 Patent and

6

the '809 Design Patent, and documents disclosing and describing the insect traps claimed in the '855 Patent that were published more than one year prior to the filing dates for the applications underlying the '855 Patent and the '809 Design Patent, were intentionally withheld from the USPTO by Defendant in order to pursue and obtain issued patent claims.

27. On information and belief, additional prior art publications exist, including those associated with patent applications owned by third-parties, that can be combined with other such references or Defendant's own published documents in a manner that renders the claims of the '855 Patent and the '809 Design Patent obvious.

28. The '855 Patent and the '809 Design Patent are invalid due to the failure to satisfy the requirements of the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, including §§ 102 and 103, and are unenforceable due to Defendant's intentional withholding of information that is material to the patentability of the '855 Patent and the '809 Design Patent.

29. The '809 Design Patent is also invalid due to the failure to satisfy the requirements of 35 U.S.C. § 171 because, on information and belief, the design of the damper depicted in the claim of the '809 Design Patent is primarily dictated by the function of the damper and lacks the requisite ornamentality to constitute proper statutory subject matter for a design patent under § 171.

30. On information and belief, and contrary to Defendant's allegations, Plaintiff is not liable to Defendant for patent infringement of any valid and enforceable

claim of the '855 Patent or the '809 Design Patent, or any other federal, state, or common law causes of action, in law or in equity.

31. On information and belief, Plaintiff is not liable to Defendant for any fees, monetary damages, or any other relief Defendant now claims.

32. Defendant has threatened Plaintiff's business in this State and District and elsewhere by accusing Plaintiff of unlawful actions, including infringement of the '855 Patent and the '809 Design Patent.

33. On information and belief, and in light of the allegations made herein, Defendant's efforts to enforce the '855 Patent and the '809 Design Patent against Plaintiff are made in bad faith.

34. There is an actual and substantial controversy between Plaintiff and Defendant of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court.

35. Plaintiff is entitled to a judgment declaring that the claims of the '855 Patent and the '809 Design Patent are invalid and unenforceable, and that Plaintiff is not liable to Defendant for any claims, including any claim for patent infringement of any valid and enforceable claim of the '855 Patent or the '809 Design Patent.

36. Defendant's acts as alleged herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

37. Defendant's conduct, which is in or affecting commerce, constitutes unfair methods of competition and unfair and deceptive acts or practices, within the meaning of North Carolina General Statute § 75-1.1 and North Carolina common law.

38. Plaintiff has been damaged by Defendant's conduct and is entitled to monetary relief pursuant to North Carolina General Statutes §§ 75-1.1 *et seq*. and other applicable law, such as an award of monetary damages, including the amount of the actual losses caused to Plaintiff by Defendant's unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Defendant, attorneys' fees and costs pursuant to North Carolina General Statute § 75-16.1, and treble damages pursuant to North Carolina General Statute § 75-16, together with any and all amounts to be shown at trial.

WHEREFORE, Plaintiff prays for the entry of a judgment:

A. Declaring that each of the claims of the '855 Patent and the '809 Design Patent are invalid, that each of the claims of the '855 Patent and the '809 Design Patent are unenforceable, and that Plaintiff has not infringed any valid and enforceable claim of the '855 Patent and the '809 Design Patent, or otherwise violated any valid purported rights of Defendant, including any provisions of 35 U.S.C. § 101 *et seq.* or any other asserted federal, state, or common law laws;

B. Finding this case exceptional in favor of Plaintiff pursuant to 35 U.S.C. § 285, and awarding Plaintiff its costs and reasonable attorney fees;

C. Granting Plaintiff a speedy hearing pursuant to Rule 57, Fed. R. Civ. P.;

D. Granting Plaintiff a monetary award against Defendant to account for Defendant's unlawful conduct;

E. Granting Plaintiff treble damages and attorneys' fees due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive and unscrupulous conduct of Defendants, pursuant to N.C. Gen. Stat. §§ 75-16 and 75-16.1; and

F. Granting Plaintiff any such further legal and equitable relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully requests that all issues so triable be tried by and before a jury.

Respectfully submitted this the 25th day of November, 2015.

/s/ J. Mark Wilson
J. Mark Wilson
N.C. State Bar Number 25763
Benjamin R. Huber
N.C. State Bar Number 40721
MOORE & VAN ALLEN PLLC
100 North Tryon Street
Suite 4700
Charlotte, NC 28202-4003
Telephone: 704-331-1000
Facsimile: 704-331-1159
Email: markwilson@mvalaw.com
benjaminhuber@mvalaw.com

*Attorneys for Plaintiff*